**E-FILED**
Tuesday, 25 March, 2008  02:29:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARILYN A. PAYTON-HUBBARD, LULA A. PAYTON, LAWANNA L. PAYTON, LILY BYERS, CAPITAL ONE BANK and COUNTY OF KANKAKEE,<br><br>Defendants. | Case No. 07-2030 |

## OPINION

On February 7, 2007, the United States of America filed a Complaint (#1) seeking to foreclose a mortgage held by the United States Department of Agriculture on property located at 13078 E. 5000S Road, Saint Anne, Illinois. Defendants Lula Payton and Lawanna Payton were named as defendants because they were the title holders of record. Defendant Lily Byers was named as a defendant because she was occupying the property sought to be foreclosed along with Marilyn Payton-Hubbard. On January 24, 2008, the United States filed a Motion to Enter Default Judgment of Foreclosure (#22). In the motion, the United States indicated that all defendants had been properly served and the defendants had not filed a responsive pleading within the statutory time frame. This court held a hearing on the motion on February 8, 2008. No defendants appeared at the hearing. This court therefore granted the Motion to Enter Default Judgment of Foreclosure and

entered its Judgment (#24) on the same date.

On February 20, 2008, Defendant Lily Byers filed a Motion to Vacate Default Order (#27). In the motion, Byers states four grounds for vacating the default judgment: (1) she was unable to attend the hearing on the motion for default judgment due to knee surgery; (2) she had been told she could purchase the home by the United States Department of Agriculture; (3) the owners of the property deeded it to her grandson, Albert Allen Jones, in May 2007 and Jones is currently on active duty with the United States armed forces; and (4) her family members defrauded her by refinancing her home without her permission.

On February 28, 2008, the United States filed its Response to Byers' Motion to Vacate Default Judgment of Foreclosure (#28). In its Response, the United States indicates that Albert Allen Jones is the grantee in a quitclaim deed of the mortgaged real estate recorded on June 5, 2007, and is in active military service. The United States further states this court should appoint an attorney to represent Albert Allen Jones for the limited purpose of determining if: (1) Jones was on active military duty at any time within 60 days prior to entry of the judgment of foreclosure on February 8, 2008; and (2) if so, whether Jones has a meritorious claim or defense to the foreclosure proceeding.

Pursuant to the Servicemembers Civil Relief Act (Act):

> If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the

servicemember to defend the action if it appears that –

(A) the servicemember was materially affected by reason of that miliary service in making a defense to the action; and

(B) the servicemember has a meritorious or legal defense to the action or some part of it.

50 App. U.S.C. § 521(g).  The Act further provides that "[i]f . . . it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant."  50 App. U.S.C. § 521(b)(2).  The Act goes on to provide that "a dependent of a servicemember is entitled to the protections of this title if the dependant's ability to comply with a lease, contract, bailment, or other obligation is materially affected by reason of the servicemember's military service."  50 App. U.S.C. § 538.

This court agrees with the United States that the most prudent course of action is for counsel to be appointed to represent Albert Allen Jones.  Accordingly, this court appoints Attorney Thomas A. Bruno.  Counsel should indicate within thirty days of entry of this order: (1) whether Jones was on active military duty at any time within 60 days prior to entry of the judgment of foreclosure on February 8, 2008; and (2) if so, whether Jones has a meritorious claim or defense to the foreclosure proceeding.  Following receipt of that pleading, this court will determine whether an evidentiary hearing is necessary and proceed to rule on Byers' Motion to Vacate Default Judgment.

ENTERED this 25th day of March, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

-3-